# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD CASHWELL,** | : | CIVIL NO. 1:CV-09-00728 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **UNITED STATES,** | : | |
| **Defendant** | : | |

## M E M O R A N D U M

Before the court is a motion to dismiss the action filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and § 2680, by Plaintiff Gerald Cashwell ("Cashwell"), or in the alternative, for summary judgment, filed on behalf of Defendant United States.[1] (Doc. 13.) Cashwell claims that the medical staff at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania ("FCI-Allenwood"), his current place of confinement, were negligent in failing to timely inform him of his Hepatitis C diagnosis and in treating him for the disease. For the reasons that follow, the motion for summary judgment will be granted.

---

[1] The FTCA provides a remedy in damages for the protection of federal inmate against the simple negligence of employees of the United States. *United States v. Muniz*, 374 U.S. 150, 150 (1963).

**I.     Background**

Cashwell has been incarcerated at FCI-Allenwood since February 18, 2000.[2] (Def.'s Statement of Material Facts, Doc. 15 ¶ 1.) On February 11, 2008, a FCI-Allenwood medical staff member gave Cashwell a physical examination and discussed his medical history with him. (*Id*. ¶ 4.) During the examination, Cashwell advised the staff member that he had a history of intravenous drug use.[3] (*Id*.; Doc. 14-2 at 15.)

On February 26, 2008, laboratory blood testing was completed on Cashwell. (Doc. 15 ¶ 6.) Results of that testing were returned on February 28, 2008, indicating that Cashwell had tested positive for Hepatitis C. (*Id*. ¶ 7.) Specifically, the results stated, "Anti-HCV igC detected. Patient is presumed to be infected with HCV, state or associated disease not determined. Follow CDC recommendations for supplemental testing." (Pl.'s Medical Records, Doc. 14-2 at 27.) There is nothing in

---

[2] In response to the instant motion to dismiss, or in the alternative, for summary judgment, Cashwell has not filed a counter statement of material facts. In opposing a motion for summary judgment, Middle District Local Rule 56.1 provides, in relevant part, that "all material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." Thus, because Cashwell has not filed a counter statement of material facts regarding Defendant's motion for summary judgment, all of the facts contained in Defendant's statement of material facts are deemed admitted.

[3] In his brief in opposition to the instant motion, Cashwell asserts that he has not used intravenous drugs since 1974. (Doc. 17 at 1.)

the record indicating whether medical staff informed Cashwell of this diagnosis at that time.

On September 10, 2008, laboratory testing was again completed on Cashwell, with results indicating Cashwell had tested positive for Hepatitis C, with a viral load of greater than 700,000. (*Id*. ¶ 8.) Cashwell's primary care practitioner discussed the test results with him on September 18, 2008.[4] (*Id*. ¶ 9.) The practitioner also discussed with Cashwell the symptoms of Hepatitis C, treatment options, and different types of laboratory testing that would be necessary. (*Id*. ¶ 10.) The practitioner also referred Cashwell to FCI-Allenwood's physician for further evaluation. (*Id*. ¶ 11.)

On September 26, 2008, Cashwell was evaluated by the FCI-Allenwood physician during the chronic care clinic. (*Id*. ¶ 12.) The physician found that Cashwell was without symptoms referable to his liver and noted no physical findings. (*Id*. ¶ 14.) The physician ordered further laboratory testing. (*Id*. ¶ 15.) Further, at

---

[4] In his complaint, Cashwell alleges that he was informed of the Hepatitis C diagnosis on September 10, 2008, and only then because he had asked a nurse why he had been scheduled for two blood tests over a period of seven months. (Doc. 1 at 2.) He further alleges that when he asked the nurse why no one had told him of the diagnosis in February 2008, she answered, "We thought you knew." (*Id*.)

3

that time Cashwell informed the physician that he was sure that his positive Hepatitis C diagnosis was a result of his intravenous drug use from years earlier.[5] (*Id.* ¶ 13.)

On October 15, 2008, the additional laboratory testing was completed, including a Hepatitis C viral load, a chemistry profile, and Hepatitis C genotype. (*Id.* ¶ 16.) Medical staff informed Cashwell that he would continue to be monitored quarterly during the chronic care clinic to determine whether Interferon treatment was necessary. (*Id.* ¶ 17.)

On January 9, 2009, the FCI-Allenwood physician evaluated Cashwell for Hepatitis C again during the chronic care clinic. (*Id.* ¶ 18.) At that time, the physician ordered further laboratory testing, which was completed on February 24, 2009. (*Id.* ¶¶ 19, 21.)

On February 9, 2009, the physician referred Cashwell for a liver biopsy. (*Id.* ¶ 20.) The physician again evaluated Cashwell at the chronic care clinic for Hepatitis C on April 29, 2009, at which time he noted that Cashwell's liver function tests were normal.[6] (*Id.* ¶¶ 22, 23.)

---

[5] *See supra* note 3, at 2.

[6] In his brief in opposition to the instant motion, Cashwell indicates that prior to this evaluation, FCI-Allenwood medical staff gave him Ibuprofen on April 3, 2009 at 11:00 a.m., after he had complained of pain. (Doc. 17 at 2.) He claims that at approximately 1:30 p.m. that same day medical staff ordered him to return the medication because it is prohibited for people diagnosed with

4

Cashwell had a liver biopsy on May 6, 2009. (*Id*. ¶ 24.) On May 7, 2009, the biopsy pathology results were received, indicating chronic Hepatitis C that was minimally active with no fibrosis (grade 1, stage 0). (*Id*. ¶ 25.)

Further, Defendant indicates that Cashwell's current status does not meet the criteria established by the Clinical Practice guidelines for treatment of Hepatitis C. (*Id*. ¶ 26.) In addition, Cashwell's current liver function tests are normal and a repeat liver biopsy is recommended in three to five years. (*Id*. ¶ 27.)

Cashwell filed the instant FTCA complaint on April 17, 2009.[7] (Doc. 1.) In the complaint, Cashwell contends that he suffered physical pain and injury when FCI-Allenwood medical staff neither informed him of his diagnosis of Hepatitis C nor treated him for the disease for seven (7) months after they learned of the diagnosis. Cashwell did not file a certificate of merit with his complaint. Service of the complaint was directed by order dated May 11, 2009. (Doc. 9.) On July 27, 2009, Defendant filed the instant motion to dismiss, or in the alternative, for summary judgment. (Doc. 13.) A brief in support of the motion was filed on August 10, 2009.

---

Hepatitis C. (*Id*.) He further claims that he returned to the prison's medical care unit at 3:30 p.m. that same day and was given Ibuprofen again. (*Id*.)

[7] There is no dispute as to whether Cashwell failed to exhaust his administrative remedies; thus, the court need not discuss exhaustion.

(Doc. 14.) Cashwell initially filed a brief in opposition to the motion on August 12, 2009, (Doc. 16), but supplemented that brief on August 21, 2009, (Doc. 17.) In addition, Cashwell filed a certificate of merit on August 21, 2009. (Doc. 18.)

Defendant's motion has been fully briefed and is ripe for disposition.

## II. Standards of Review

### A. Motion to Dismiss

Defendant has filed a motion which, in part, also seeks dismissal of the complaint on the grounds that Cashwell's complaint fails to state a claim upon which relief can be granted, as provided by Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion, however, goes beyond a simple motion to dismiss under Rule 12(b)(6) because it is accompanied by evidentiary documents outside the pleadings contravening Cashwell's claims. Rule 12(d) provides as follows:

> If, on a motion under Rule 12(b)(6) or (12)(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). The court will not exclude the evidentiary materials accompanying Defendant's motion to dismiss because Cashwell has also been given a

6

reasonable opportunity to present material relevant to the motion. Thus, Defendant's motion to dismiss under Rule 12(b)(6), or in the alternative, for summary judgment, shall be treated as solely seeking summary judgment.

### B. **Summary Judgment**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id*. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477

U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### III.   Discussion

In the instant motion, Defendant contends that Cashwell's FTCA claims of medical malpractice must be dismissed because he failed to timely file a certificate of merit as required under Pennsylvania law. In the alternative, Defendant argues that Cashwell cannot support the claims of medical malpractice. Upon review, the court agrees that Cashwell has not established a medical malpractice claim.

A federal district court addressing an FTCA action is required to apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b); *see also Gould Elec., Inc. v. United States*, 220 F.3d 169, 179 (3d Cir. 2000) (citing § 1346(b)). Under Pennsylvania law, a plaintiff is required to show that the defendant's negligence was the proximate cause of his injury by a preponderance of the evidence. *Baum v. United States*, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982). In order to present a *prima facie* case of medical malpractice/negligence under Pennsylvania law, "as a general rule, a plaintiff has the burden of presenting expert opinions that the alleged act or omission of the defendant physician or hospital personnel fell below the appropriate standard of care in the community, and that the negligent conduct caused the injuries for which recovery is sought." *Simpson v. Bureau of Prisons*, No. 3:cv-02-2313, 2005 WL 2387631, at * 5 (M.D. Pa. Sept. 28, 2005); *see also Toogood v. Rogal*, 824 A.2d 1140, 1145 (Pa. 2003) ("Because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons a medical malpractice plaintiff must present expert testimony to establish" a *prima facie* case of medical malpractice). The only exception to this requirement is when a matter "is so simple or the lack of skill or care is so obvious as to be within the range of experience and

comprehension of even non-professional persons." *Simpson*, 2005 WL 2387631, at *5 (quoting *Hightower-Warren v. Silk*, 698 A.2d 52, 54 n.1 (Pa. 1997)). The Pennsylvania Supreme Court has indicated that this "very narrow exception" is implicated only in instances of *res ipsa loquitur*. *Toogood*, 824 A.2d at 1145. *See also Simpson*, 2005 WL 2387631, at *5 (noting instances in which expert opinions may be unnecessary are rare).

Further, in such cases, Pennsylvania law requires that a plaintiff file a certificate of merit. Pennsylvania Rule of Civil Procedure 1042.3 explains the requirement as follows:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.
>
> * * *
>
> (d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of non pros on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

Pa. R. Civ. P. 1042.3(a), (d). The purpose of the required certificate of merit is to "assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings." *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000).

Rule 1042.3(a) applies to both *pro se* and represented plaintiffs and constitutes a rule of substantive state law with which plaintiffs in federal court must comply. *See Iwanejko v. Cohen & Grigsby, P.C.*, 249 Fed. App'x 938, 944 (3d Cir. 2007) (holding that district courts must "appl[y] Rule 1042.3 as substantive state law"); *Paige v. Holtzapple*, No. 1:08-cv-0978, 2009 WL 2588849, at *3 (M.D. Pa. Aug. 19, 2009) (citing *Iwanejko*, 249 Fed. App'x at 944); *Fernandez v. Dept. of Justice*, No. 3:07-cv-

01080, slip op. at 10 (M.D. Pa. Sept. 2, 2008) (recognizing that the plaintiff's *pro se* status "is not a viable basis upon which to excuse compliance with Rule 1042.3 or the requirement of com[i]ng forth with expert medical testimony").

Failure to file a certificate of merit under Rule 1042.3(a) or a motion for an extension under Rule 1042.3(d) is fatal unless the plaintiff demonstrates that his failure to comply is justified by a "reasonable excuse." *Perez v. Griffin*, 304 Fed. App'x 72, 74 (3d Cir. 2008); *see also Walsh v. Consol. Design & Eng'g, Inc.*, No. Civ. A. 05-2001, 2007 WL 2844829, at *5 (E.D. Pa. Sept. 28, 2007) ("Rule 1042.3 is subject to equitable considerations and a party who fails to timely file a certificate of merit may be relieved from the requirement where the defaulting party provides a reasonable explanation or legitimate excuse.").

In the instant case, in response to Defendant's motion to dismiss, or in the alternative, for summary judgment, Cashwell filed a certificate of merit on August 21, 2009, requesting that the court accept the filing at that time. (Doc. 18.) The court finds that Cashwell's request is timely under Rule 1042.3(d), which authorizes "upon good cause shown" an extension of time for filing the certificate of merit "for a period not to exceed sixty days" when the request is made by a motion for extension filed not more than thirty days after the defendant files its notice of intention to obtain a

12

judgment of non pros. In the context of federal motion practice, this makes the request timely when it was made as part of Cashwell's opposition to Defendant's motion to dismiss.[8] Further, the court believes that good cause is shown by what appears to be Cashwell's mistaken assumption that should a plaintiff assert that expert testimony is not necessary for prosecution of his claims, he need not file a separate Rule 1042.3 certificate of merit. Therefore, the court will accept for filing Cashwell's certificate of merit.

Nevertheless, the certificate of merit is lacking because, based on the nature of the claims, the matter is not so simple as to excuse the requirement of expert medical testimony to establish Cashwell's medical malpractice/negligence claims. To that end, the court finds that Cashwell has not established Defendant's negligence in its employees' medical treatment of his Hepatitis C. As stated above, it is generally substantive state law that governs an FTCA claim. *See* 28 U.S.C. § 1346(b); *Gould Elec.*, 220 F.3d at 279. Under Pennsylvania law, in order to establish a *prima facie* case of medical malpractice, a plaintiff must first show that the physician owed a duty to the plaintiff. *Toogood*, 824 A.2d at 1145 (citing *Hightower-Warren*, 698 A.2d at 54). In a case brought by a federal prisoner, federal law preempts any standard of

---

[8] A separate motion is the better practice, but because Cashwell is acting *pro se*, the court will accept the filing.

13

care under state law and provides that the BOP owes the prisoner ordinary diligence. 18 U.S.C. § 4042. Second, the plaintiff must show that the physician breached his duty. *Toogood*, 824 A.2d at 1145. Third, the plaintiff must show that the breach proximately caused the harm. *Id*. And finally, the plaintiff must show that his damages directly resulted from the harm. *Id*.

In the instant case, it is undisputed that Defendant owed Cashwell a duty to exercise ordinary diligence in diagnosing and treating his Hepatitis C. The record indicates that Defendant has met that duty. Cashwell was seen on numerous occasions by medical staff at FCI-Allenwood. (Doc. 14-2.) Laboratory testing was performed repeatedly, including during the seven-month time period in which Cashwell claims he was not aware of his Hepatitis C diagnosis. (*Id*. at 26-30, 34-37, 45-48.) Further, supplemental laboratory testing was completed in accordance with the Center for Disease Control guidelines following the initial diagnosis of Hepatitis C. (*Id*.) A liver biopsy was performed. (*Id*. at 53.) There is nothing in the record, other than Cashwell's speculation, demonstrating that the medical staff's course of treatment for Hepatitis C and subsequent results are the cause of his alleged injuries. Further, there is nothing in the record, other than Cashwell's speculation, demonstrating that the medical staff's failure to initially inform him of his Hepatitis C

diagnosis is the cause of his alleged injuries. Moreover, there is nothing in the record indicating that Cashwell even had or has the alleged injuries or made them known to anyone on FCI-Allenwood's medical staff. Without evidentiary support establishing a causal connection between Defendant's acts or omissions and Cashwell's alleged injuries, one could assume any number of causes of those alleged injuries. In sum, without evidence to controvert Defendant's position on summary judgment, the court will not make the inferential leap that the medical staff's acts or omissions in its course of treatment of Caldwell's Hepatitis C are the cause of his alleged injuries. Thus, Cashwell cannot establish a case of medical malpractice. Accordingly, Defendant is entitled to summary judgment.

    An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: September 8, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GERALD CASHWELL,** : CIVIL NO. 1:CV-09-00728
:
**Plaintiff** : **(Judge Rambo)**
:
v. :
:
**UNITED STATES,** :
:
**Defendant** :

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) Defendant United States' motion for summary judgment (Doc. 13) is **GRANTED**.

2) The Clerk of Court is directed to **ENTER** judgment in favor of Defendant United States and against Plaintiff.

3) The Clerk of Court is directed to **CLOSE** this case.

4) Any appeal from this order is **DEEMED** frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3).

                                                    s/Sylvia H. Rambo
                                                   United States District Judge

Dated: September 8, 2009.